UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond A. W.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:25-cv-171

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income in March 2014, alleging a disability onset date of August 7, 2009 (later amended to August 31, 2012). Tr. 215–20, 289. His application was denied three times, and, for a variety of reasons, a Judge of this Court reversed and remanded each denial. *See generally* Case Nos. 2:18-cv-186; 2:20-cv-1795; 2:23-cv-547. The fourth consideration of the application at the administrative level was assigned to Administrative Law Judge ("ALJ") Appleton, who also determined that Plaintiff was not disabled. Tr. 1713–34. Plaintiff appealed that decision directly to this Court, and it is that fourth determination that is at issue. Compl., ECF No. 1.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 14. Plaintiff objects. Obj., ECF No. 15.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

In his Statement of Specific Errors, Plaintiff argued that the ALJ's evaluations of both Dr. Margaret Smith's and Dr. John Paulus's opinions were unsupported by substantial evidence. Stmt. of Errors 9–17, ECF No. 10. The Magistrate Judge's R&R explains why the ALJ's evaluations of those doctors' opinions were supported by substantial evidence. R&R 7–20, ECF No. 14. On objection, Plaintiff abandons his argument vis-à-vis Dr. Smith and objects only to the Magistrate Judge's recommendation regarding Dr. Paulus. Obj. 2–4, ECF No. 15.

On objection, Plaintiff argues that none of the ALJ's justifications for giving Dr. Paulus's opinions partial weight hold water. Specifically, Plaintiff contends that: (1) the ALJ failed to explain how Dr. Paulus's opinions were inconsistent with Dr. Paulus's exam; (2) the ALJ downplayed evidence supporting Dr. Paulus's opinions; and (3) Dr. Smith's rejected findings cannot be the basis for contradicting Dr. Paulus's opinions. *Id.* at 2–4. Plaintiff does not, however, identify *which* of Dr. Paulus's opinions were allegedly not incorporated into the

Mental Residual Functional Capacity ("MRFC") and also not adequately explained away.[1]

Upon *de novo* review, the Court agrees with the Magistrate Judge and concludes that the ALJ explained the assignment of weight afforded to Dr. Paulus's opinions and supported that explanation with sufficient evidence.

The ALJ explained that Dr. Paulus's opinions were given only "partial weight" because some of those opinions were inconsistent with: (1) Dr. Paulus's own 2013 examination of Plaintiff; (2) later evidence of Plaintiff's improvement; (3) Dr. Smith's accepted observations of Plaintiff; and (4) Plaintiff's own testimony. Tr. 1730–31.

Those conclusions are supported by substantial evidence. For example, Dr. Paulus opined that Plaintiff was markedly limited in his ability to make simple work-related decisions, Tr. 394, but he observed during examination that Plaintiff "demonstrat[ed] normal reasoning capacity[,]" Tr. 306, 1727; *see also* Tr. 1730 ("Dr. Paulus observed that the claimant's thought process was normal . . . ."). Dr.

---

[1] For example, Dr. Paulus opined that Plaintiff was markedly limited in his ability to understand, remember, and carry out detailed instructions. Tr. 394. The ALJ incorporated those opinions in the MRFC by limiting Plaintiff to simple instructions. Tr. 1722. Similarly, Dr. Paulus opined that Plaintiff was markedly limited in his ability to maintain attention and concentration, perform activities within a schedule, or perform at a consistent pace, Tr. 394, which the ALJ incorporated by limiting Plaintiff to no production rates or hourly quotas and requiring a daily reminder from a supervisor, Tr. 1722. Dr. Paulus opined that Plaintiff was markedly limited in his ability to accept instructions and respond appropriately to criticism from supervisors, Tr. 394, and the ALJ limited Plaintiff to occasional interaction with supervisors, "limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution," Tr. 1722.

Smith, moreover, observed a reduction in immediate memory but "normal intellectual functioning." Tr. 1727. Thus, Dr. Paulus's own examination and Dr. Smith's finding are inconsistent with a marked limitation in making simple work-related decisions.

Additionally, Dr. Paulus opined that Plaintiff was markedly limited in his ability to understand and remember very short and simple instructions, Tr. 394, yet he observed that Plaintiff was able to complete an hour-long personality test and comprehend questions for the same, Tr. 306, 1727. Similarly, Dr. Smith opined that Plaintiff could perform simple tasks,[2] noting that Plaintiff finished a fifty-minute interview and "tracked the flow of conversation adequately," exhibited no signs of distractibility, managed his medication, cooked microwave meals, appeared able to manage personal funds, and was competent for simple tasks. Tr. 355–56. The ability to track conversation and answer questions during a fifty-minute interview, without exhibiting distractibility, is inconsistent with a marked limitation in the ability to understand and remember very short and simple instructions. And managing medication and personal funds, along with cooking microwave meals, also requires one to follow at least "very short and simple"

---

[2] The fact that the ALJ discounted some of Dr. Smith's opinions does not prohibit the ALJ from crediting other of Dr. Smith's opinions or from concluding that the *credited* opinions—like Plaintiff's ability to perform simple tasks—conflict with some of Dr. Paulus's opinions. The ALJ discredited Dr. Smith's opinions that Plaintiff would require close supervision or would be unable to stay on task, but he did not use those discredited opinions to contradict Dr. Paulus.

instructions. So, Dr. Paulus's own examination and Dr. Smith's findings are inconsistent with this opinion as well.

The ALJ also noted that Plaintiff's own testimony and later evidence undermined some of Dr. Paulus's opinions. As for Plaintiff's testimony, Plaintiff testified that medication reduced his symptoms and helped him concentrate and that he drove himself, washed dishes, cleaned up after himself, and did some laundry. Tr. 1724, 1727. Moreover, as of 2018, Plaintiff noted that his post-surgery memory problems did not affect his quality of life and that his seizures were well controlled. Tr. 1726. Plaintiff's testimony is therefore likewise inconsistent with a marked limitation in the ability to follow very short and simple instructions or make simple work-related decisions.

Finally, the ALJ observed that mental health treatment notes post-Dr. Paulus indicated that one of Plaintiff's mental health providers refused to complete a disability report for Plaintiff in 2016 because Plaintiff "often painted his mental disability in extremely dysfunctional ways that were contradictory to" the counselor's own experiences with Plaintiff. Tr. 127–28. The same counselor "did not observe much memory loss with him, as he seemed to remember things fairly well." Tr. 1728.

In sum, although the record may have contained evidence that supported Dr. Paulus's opinions, the ALJ's conclusion was supported by substantial evidence.

### III. CONCLUSION

Accordingly, Plaintiff's objections are **OVERRULED**, and the Court **ADOPTS** the R&R. The Court **SUSTAINS** the Commissioner's non-disability finding. The Clerk shall enter judgment for the Commissioner and terminate the case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**